Case 1:20-cv-05638-AKH   Document 12   Filed 05/17/21   Page 1 of 4



Kaiser Saurborn & Mair, P.C.
30 Broad Street, 37th Floor
New York, New York 10004
www.ksmlaw.com

Daniel J. Kaiser
+1.212.338.9100 x317
+1.646.607.9371 fax
kaiser@ksmlaw.com

May 17, 2021

**VIA ECF**
Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> The court at this time cannot determine the employees who should be compared with plaintiff, but is sensitive to defendant's concern about an over-broad demand.  Plaintiff may select 5 employees who may be comparators, and defendant shall produce the requested information about these 5, under a protective order if requested.
> So ordered,
> /s/ Alvin K. Hellerstein
> Alvin K. Hellerstein
> 5/19/21

      Re:    <u>Ozer v. Howmet Aerospace, Inc., 20-cv-5638</u>

Dear Judge Hellerstein:

      I represent Plaintiff in the above referenced matter.  Pursuant to Rule 2(E) of your Honor's Individual Rules, the parties jointly submit this letter to notice the Court of an unresolved discovery dispute involving compensation information.  Despite the parties good faith efforts, including most recently during a meet and confer call on May 5, between Daniel Kaiser, attorney for Plaintiff, and John Guyette, attorney for Defendant, that lasted approximately 30 minutes, the parties have been unable to reach a resolution and outline their respective positions below.

**Plaintiff's Legal Position**

      From plaintiff's perspective one issue remains unresolved: Defendant's failure to provide compensation information for those selected, and not selected, for the at issue RIF.

      Ms. Ozer contends that liberal Federal rules of discovery require production of the requested information none of which is burdensome to provide and all of which is relevant to her legal claims.

A.    **While Defendant's only asserted defense is that Ms. Ozer**
       **Was included in the RIF because her salary was comparatively**
       **Higher than her male comparators Defendant refuses to Provide**
       **Salary Information for the Entire RIF**

      Defendant contends Ms .Ozer's inclusion in the company RIF was purely an economic decision because she earned more than her male comparators.  Yet, Defendant will not provide compensation information for those included, and not included, in the RIF.

New Jersey Office   |   3163 Kennedy Boulevard, Jersey City, New Jersey   |   +1.201.353.4000

Honorable Alvin K. Hellerstein
Re: Ozer v. Howmet Aerospace, Inc.
May 17, 2021
Page - 2 -

The selection criteria for the RIF was comparative salary data for those included, and not included, or it was not. For example, if discovery demonstrates that defendant utilized comparative salary data to include plaintiff but did not utilize salary comparisons for others included in the RIF such evidence would be probative of pretext. Differential treatment evidence in the discrimination context is probative of pretext. *See, Marullo  v. Ellerbe Becket, Inc*., 2001 WL 282772 (EDNY 2001) (court held that differential treatment of plaintiff relating to her inclusion in company RIF was probative of discriminatory pretext); *Peterson v. City College of the City of New York*, 160 FRD 2 (SDNY 1994) (court held that in context of discrimination claims, evidence aimed at proving differential treatment was relevant and must be produced).

Defendant cannot both defend against liability in this lawsuit by contending Ms. Ozer's high salary led to her inclusion in the RIF and simultaneously refuse to provide core evidence relating to whether comparative salary information was utilized more generally in who was, and who was not, included in the RIF.  If this was only relevant for Ms. Ozer's inclusion that would be important evidence of plaintiff's discrimination claim.

**<u>Defendant's Position</u>**

    **A.  Background**

Plaintiff grossly mischaracterizes Defendant's position.  Howmet, like many other companies during the COVID-19 global pandemic, had to make extremely difficult decisions for the sake of its business.  For Howmet, this included a reduction in headcount of several corporate employees, including Plaintiff.  According to Howmet's contemporaneous documentation, produced to Plaintiff during discovery, the "[d]ecline in business resulting from Boeing loss of production and COVID-19 loss of productivity has resulted in the need to cut costs and downsize the organisation.  Management reviewed the corporate workforce to determine where [Howmet] could eliminate, consolidate or outsource work and thereby eliminate headcount."  With respect to Plaintiff, Howmet concluded that "[a]s a smaller company, the need for a high-level communications leader is no longer needed."

Howmet's decision was a difficult one.  It had nothing whatsoever to do with Plaintiff's gender or age.  Nor was it based on any employee's protected characteristic as the data for the RIF shows.  The decision was exclusively driven by cost-cutting measures ***and*** the needs of Howmet's business in the face of an unprecedented global pandemic.  Unfortunately, Plaintiff's position was viewed as no longer essential for a smaller company like Howmet, and her salary of $340,000 per year with target incentive compensation of $187,000 (total of $527,000), was among the highest of the 14 corporate employees included in the April 2020 RIF.

Honorable Alvin K. Hellerstein
Re: Ozer v. Howmet Aerospace, Inc.
May 17, 2021
Page - 3 -

**B. Applicable Law**

Discovery is limited where "the burden or expense of the proposed discovery outweighs its likely benefit," Fed. R. Civ. P. 26(b)(2)(C)(iii), and by the background principle that the Rules be construed to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Further, discovery is required to be "proportional to the needs of the case." Fed. R. Civ. 26(b); *see also EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) ("Of course, as in all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way."); *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 316 (S.D.N.Y. 2003) (discussing the "proportionality test" embodied in Rule 26(b)(2) ); Advisory Comm. Notes to 1983 Amendment (explaining that the amendment is intended to "address the problem of discovery that is disproportionate to the individual lawsuit").

**C. Howmet Provided Compensation Information For Plaintiff's Two Male Comparators**

Although Plaintiff suggests that Howmet has failed to provide compensation information for those selected, and not selected, for the RIF," that is not accurate. In its response to Plaintiff's Interrogatory No. 20, Howmet provided compensation information for Ms. Ozer and the two male employees identified in the Complaint, Paul Erwin and Rob Morrison. Howmet believes this information is both proportionate and relevant to Plaintiff's claims since she specifically identified Messrs. Erwin and Morrison as comparators in the Complaint – both of whom comprised Howmet's communications department along with Plaintiff and were not selected for the April 2020 RIF. To be clear, selection for inclusion in the RIF was done at the department level and compensation information for <u>everyone</u> in Plaintiff's department has been provided.

Plaintiff is not entitled to unbridled compensation information for swaths of non-party current or former employees beyond her comparator peers. *See U.S. Bank N.A. v. Triaxx Asset Mgmt. LLC*, No. 18-CV-4044 (BCM), 2020 BL 6684, 3 (S.D.N.Y. Jan. 08, 2020) (holding request for compensation information for all of the "partners, owners, officers, and directors" of limited liability company and its affiliates is overbroad, but ordering production of information on compensation paid or owed to two individuals). Here, Messrs. Erwin and Morrison are the relevant comparators and the cost-savings is obvious and determinable in precise detail with the information provided.

Further, we are unaware of any authority for the proposition that a plaintiff is entitled to broad compensation information beyond her comparators (i.e., those who worked outside of her specific department). Plaintiff seeks compensation information for well over 200 not similarly

Honorable Alvin K. Hellerstein
Re: Ozer v. Howmet Aerospace, Inc.
May 17, 2021
Page - 4 -

situated individuals across Howmet's business (presumably including the CEO and other corporate executives). Despite repeated requests for supportive authority, Plaintiff has not provided any to date (or in this letter). Accordingly, the request for compensation information is massively overbroad, irrelevant to the claims and defenses in this case, disproportionate, and intended solely to harass and annoy in what is a straightforward single-plaintiff case involving a COVID-related RIF.

Thank you for your time and attention to this matter.

Respectfully submitted,

Daniel J. Kaiser

DJK/sz